```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RONA LOVE,

      Plaintiff,

-against-

CITY OF NEW YORK; FAYE YELARDY;
JAMES REILLY; SHARLISA WALKER;
JOHN AND JANE DOE DEPARTMENT OF
CORRECTION SUPERVISORS 1-5; and JOHN
AND JANE DOE DEPARTMENT OF
CORRECTION OFFICERS 1-5,

      Defendants.
------------------------------------------------------------x

Civ. No. 22-1694 (CM)

STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER

      WHEREAS, pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties intend to disclose certain documents and information to one another;

      WHEREAS, Pursuant to Rules 33 and 34, the parties may seek certain documents and information from one another pursuant to their discovery demands in this action;

      WHEREAS the producing party deems and/or may deem some of this information and documents to be confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges;

      WHEREAS, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      WHEREAS, the producing party objects to the production of those documents unless appropriate protection for their confidentiality is assured;

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for plaintiff and defendants as follows:

1. "This Action" shall mean *Rona Love v. City of New York et al.*, 22-1694 (CM), filed in the Southern District of New York.

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

   (A) Department of Corrections ("DOC") employment/personnel related records for the individual Defendants;

   (B) Any other disciplinary histories or other records from DOC or any other governmental agency;

   (C) Medical records of Plaintiff;

   (D) Sensitive materials relating to Plaintiff's sexual assault allegations;

   (E) Full names and contact information of non-party individuals and/or witnesses;

   (F) DOC training or policy materials, including, but not limited to, policy documents, Operation Orders, training manuals, and/or directories;

   (G) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the parties or the Court.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained from sources other than the opposing party, or (b) are otherwise publicly available.

4. The producing party shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to the other party's counsel. The

producing party shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by a party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. The parties reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to the other party.

7. Inadvertent production of any document or information that is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the producing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. If the non-producing party objects to the designation of particular documents as "Confidential Materials," the non-producing party shall state such objection in writing to the producing party, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within twenty (20) days of receiving the producing party's response to the non-producing party's objections, the non-producing party shall seek judicial intervention. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

9.  The non-producing party's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of his or her client's case in this Action.

10. The non-producing party's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of a party's case in this Action, to those individuals described in the subparagraphs below.

   b. Disclosure before trial may be made only to a party, to an expert who has been retained by a party's attorney in anticipation of litigation or preparation for this Action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), a party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

11. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed

7

to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

13. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request, or shall make an application to the Court to have the relevant materials designated as confidential, pursuant to Paragraph 8 of this Stipulation. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the rules of the District Court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the non-producing party may file redacted documents without further order of the Court.

14. In addition, where reasonable advance notice is given by the non-producing party and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such information will not be subjected to the instant Stipulation of Confidentiality and Protective Order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

7

15. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the non-producing party, or anyone receiving confidential documents pursuant to Paragraph 10 herein, for any purpose without prior Court approval.

16. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

18. Nothing in this Stipulation and Protective Order shall be construed to limit the City of New York's, or any of its employees or agencies, use of the Confidential Materials for any legitimate governmental purpose.

7

19. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation of Confidentiality and Protective Order at any time.

Dated: June 28, 2022
New York, New York

ALEXANDER GOLDENBERG, ESQ.
Cuti Hecker Wang LLP
305 Broadway, Suite 607

New York, New York 10007

By: _____
Alexander Goldenberg, Esq.

*Counsel for Plaintiff*

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-215
New York, New York 10007
Phone: (212) 356-2105

By: _Mostafa Khairy_____
Mostafa Khairy, Esq.

*Counsel for Defendants*

SO ORDERED:

_____
Hon. Colleen McMahon
Chief U.S. District Judge
8/23/2022

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated_____, entered into the action entitled *Rona Love v. City of New York et al.*, 22-1694 (CM), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____     Signature: _____

Print Name: _____

Occupation: _____

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.